# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| PAMELA D SWAIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CV620-082 |
| | ) | |
| HARVEY WEINSTEIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Pamela Swain, appearing *pro se*,[1] has submitted a complaint alleging a pattern of harassment. Doc. 1. She has also filed an amended complaint. Doc. 6. She seeks to proceed *in forma pauperis* (IFP). Doc. 5. Though she failed to include one page of her application to proceed IFP, it appears that she lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff leave to proceed IFP. The Court must now screen the Complaint pursuant to 28 U.S.C. §1915(e).[2] As

---

[1] The Court notes that Swain indicates that she has incurred or anticipates spending legal fees in this matter. Doc. 5 at 4. No attorney has appeared in this matter and Swain has signed all of her submissions. *See* doc. 1 at 6; doc. 5 at 5; doc. 6 at 4. If Swain has retained counsel in this matter, he or she is **DIRECTED** to make a formal appearance in accordance with the Local Rule 83.6.

[2] Since the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the

the complaint fails to state a claim upon which this Court can grant relief, it should be **DISMISSED**.

Swain previously filed a suit against most of these defendants—and several others—based on nearly identical allegations. *See Swain v. Stewart*, CV6:19-003, doc. 1 (S.D. Ga. Jan. 11, 2019) (Complaint). In this case, like in the last, she alleges that various public figures have engaged in a multi-year conspiracy of harassment. The harassment allegedly began in late 2013, when she was contacted online by the actor Gerard Butler, posing as a man named Dean Green. Doc. 6 at 2. The following year, she claims that her email was hacked by Weinstein and Robbins, who also sent her vulgar and inappropriate messages.[3] Doc. 1 at 4. In subsequent years, Weinstein and Robbins created fake compromising photos of Swain and interfered with her employment. *See* doc. 1 at 4 (alleging that Weinstein and Robbins had Swain "fired from almost all [of her] work."); doc. 6 at 2

---

Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[3] Swain alleges that her email was "hacked into by Ukrainians" in February 2014. Doc. 6 at 2. It is unclear from the pleadings if this is the same hacking as that alleged against Weinstein and Robbins.

(alleging that Weinstein claimed that photos were taken of Swain during her employment as a public-school teacher). Much of the alleged harassment is connected to a thread of posts on the website Kiwi Farms. Doc. 6 at 2. Swain's prior case was dismissed prior to service as the Court found it to be a shotgun pleading and she failed to comply with an order to provide the defendants' places of domicile for purposes of establishing jurisdiction. *See Stewart*, CV6:19-003, doc. 21 (S.D. Ga. Aug. 3, 2020) *adopted* doc. 22 (Aug. 27, 2020). She now seeks $25 million and a second bite at the apple.

Swain's only claim against Kiwi Farms centers on its unwillingness to remove a thread of comments containing allegedly personal or defamatory information. Doc. 7 at 2–3. Kiwi Farms is an online forum and plaintiff makes no suggestion that the posts in question were created by the website's operators. As such, the Communications Decency Act (CDA) shields Kiwi Farms from liability. Under the act, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). This effectively establishes "a general rule that providers of interactive computer services are liable only for

speech that is properly attributable to them." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009). Websites such as Kiwi Farms which allow for users to post comments fall under the category of "interactive computer services." *See id.* at 254–55 (recognizing a website that facilitates consumer reviews as an "interactive computer service"); *Fair Housing Auth. of San Fernando Valley, v. Roommates.com, LLC.*, 521 F.3d 1157, 1162 n. 6 (9th Cir. 2008) ("Today, the most common interactive computer services are websites."); *Universal Comm. Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 419 (1st 2007) (recognizing that web sites are "interactive computer services" under CDA). Plaintiff has not suggested that Kiwi Farms "is responsible, in whole or in part, for the creation or development" of the relevant posts. 47 U.S.C. § 230(f)(3) (defining "information content provider"). Similarly, Swain has alleged no specific wrongdoing by Dershowitz beyond naming him as a defendant. Doc. 1 at 1–2. Therefore, as Kiwi Farms is immune under the CDA and Swain has made no accusations against Dershowitz, both should be **DISMISSED**.

It is unclear from the pleadings what cause of action Swain is asserting against the remaining named defendants—Weinstein and Robbins. She has chosen to utilize the standard form made available for

civil rights complaints filed under 42 U.S.C. § 1983 or the analogous claims authorized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 404 U.S. 388 (1971). *See generally* doc. 1. Section 1983 provides a cause of action for deprivations of constitutional or statutory rights by those acting under the color of state law. 42 U.S.C. § 1983. In *Bivens*, the Supreme Court recognized a similar cause of actions for deprivations by those acting under the color of federal authority. *Bivens*, 404 U.S. at 398. When asked to specify under which of these standards she brings her claim, plaintiff chose not to respond. Doc. 1 at 3. Her pleadings, considered in their totality, are also void of any reference to a cognizable deprivation of rights by any state or federal actor. The closest that plaintiff comes is alleging that various state and federal officials, including the undersigned, "have knowingly allowed" the alleged criminal conduct of defendants by refusing to let plaintiff "have [her] day in court." *Id*. Neither the undersigned, nor any other government actor is named as a defendant in this case. *Id*. at 1–3. Even if they were named, such conclusory statements are not sufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, plaintiff has not adequately pleaded a civil-rights claim.

Even taking a holistic view and construing the allegations in the light most favorable to plaintiff, she fails to state any cognizable civil claim under federal law.  In her own words, she alleges:

> The events began in 2014 when Harvey Weinstein and Tony Robbins hacked my personal [Y]ahoo accounts and then [sent] me messages that would become sexual, threatening, and of rape.  They looked up my personal information and then proceeded to have me fired from almost all of my work, created contraband fake nudes, and posted all my personal info online on a social media site, kiwifarms [sic].

Doc. 1 at 4.  When directed by the form to provide the facts supporting her accusations, Swain offered only vague, conclusory allegations: "[i]llegally targeted, hacked, threatened, harassed, and exposed online.  Mother threatened online and her information exposed."  *Id*.  Her amended complaint, which is a near verbatim reiteration of a filing in her prior case, *compare* doc. 6 at 1–3 *with Swain v. Stewart*, CV6:19-003, doc. 20 at 1–4 (S.D. Ga. July 30, 2020), similarly fails to state any theory of liability beyond a passing suggestion of a defamation claim, *see* doc. 6 at 3, 4, which is discussed below.  Her complaints, both here and in her prior case, are replete with allegations of criminality and references to criminal statutes, but, as Swain has been previously informed, the Court cannot direct state or federal law enforcement to initiate a criminal investigation or

prosecution.  *See Swain v. Stewart*, CV619-003, doc. 7 at 3 (S.D. Ga. June 4, 2019) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 279 (2d Cir. 1973)).

Swain's hints at a potential defamation claim under state-tort law might warrant clarification, but she has failed to establish the jurisdiction of this Court over such a claim.  Generally, "[f]ederal courts are courts of limited jurisdiction," they may only adjudicate cases over which they have been granted jurisdiction by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (citations omitted). As her alleged federal claims have fallen away, the Court should not exercise supplemental jurisdiction over her state-law claims.  28 U.S.C. § 1367(c).  The only remaining avenue of subject matter jurisdiction is diversity jurisdiction.  28 U.S.C. § 1332.

If it was Swain's intention to pursue this case under diversity jurisdiction, she has not met her burden. Fed. R. Civ. P 8(a)(1) (requiring a complaint to include a "a short and plain statement of the grounds for the court's jurisdiction."). As she was advised in her previous case, she is responsible for providing the Court with the place of domicile for each defendant in order to establish diversity jurisdiction.  *See Stewart*, CV6:19-

003, docs. 7 at 8–9; 17 at 7–8 (S.D. Ga. July 20, 2020). In order to establish diversity jurisdiction before the federal courts, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Typically, the Court will accept a damage claim offered by a party in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Though the Court is skeptical that damages in this case could approach the $25 million sought, it accepts the allegation that damages might reasonably exceed the $75,000 threshold, should an appropriate civil theory be advanced. *See id.* at 289 (When considering whether a purported damages amount is made in good faith, the Court must determine to "legal certainty that the claim is really for less than the jurisdictional amount.").

Plaintiff has not adequately established the place of domicile for each defendant. Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. §

1332). In using the provided form for a civil rights complaint, which presumes subject matter jurisdiction based on a federal question, Swain has not provided sufficient information to adequately allege the complete diversity of parties. *See* doc. 1 at 2–3 (providing only presumed cities and states for some defendants); *see also, e.g., Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). In fact, no place of domicile is provided for Kiwi Farms. As Swain's prior case was dismissed in part for her failure to provide the Court with domicile information for all named defendants, she is aware that jurisdiction is a threshold concern and her responsibility to assert. Fed. R. Civ. P. 8(a)(1). Therefore, as Swain has failed to adequately state a claim or establish jurisdiction, her claims against Weinstein and Robbins should also be **DISMISSED**.

*Pro se* litigants are typically afforded at least one opportunity to amend their pleadings. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d

541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). Such opportunity is not appropriate here. *See Jenkins*, 620 F. App'x. at 711 (the Court is under no obligation to afford an opportunity to amend "if the amended complaint would still be subject to dismissal."). Swain has previously pursued nearly identical claims, during which she filed nine amendments, constantly changing parties and allegations. She has already begun a similar practice in this case, filing what she captions "Amended Compliant; Arbitration."[4] Doc. 6. Swain has already been afforded ample opportunities to properly support these claims.

Accordingly, the Court **RECOMMENDS** that Swain's complaint be **DISMISSED**. Swain has simply refiled a complaint whose defects the Court has already explained to her. There is no indication in the most

---

[4] Despite its title, this document has nothing to do with arbitration, which is an alternative dispute resolution mechanism that parties may undertake in lieu of civil proceedings before a court. Arbitration requires the consent of all parties, a court order, or a statutory mandate. None of these prerequisites appear present in this case.

recent pleading that she has seriously attempted to rectify those defects. Such tactics border on abusive litigation and will not be tolerated going forward. *See Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Though the Court does not find sanctions to be appropriate at this time, continued abusive filings will warrant a more severe response. The Court will not hesitate to guard itself against vexatious litigants through the imposition of filing restrictions or other appropriate actions.[5] As such, plaintiff is **DIRECTED** to include a copy of this Report and Recommendation and any order adopting it with all future filings related to the facts alleged.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and

---

[5] The Court has imposed such restrictions on vexatious litigants in the past. *See Drake v. 7-Eleven*, 2020 WL 4196189 (S.D. Ga. June 26, 2020) *adopted by* CV4:19-208, doc 9 (S.D. Ga. July 21, 2020); *Drake v. Travelers Commercial Ins. Co.*, 2020 WL 3452485 (S.D. Ga. May 27, 2020) *adopted by* CV4:20-099, doc. 11 (S.D. Ga. June 24, 2020); *Oliver v. Lyft. Inc.*, CV4:19-063, doc. 113 (S.D. Ga Oct. Sept. 13, 2019) *adopted by Oliver v. Lyft*, 2019 WL 5390012 (S.D. Ga. Oct. 21, 2019); *Williams v. Darden*, 2016 WL 6139926 (S.D. Ga. Oct. 21, 2016); *Fields v. Terminal*, 2016 WL 823020 (S.D. Ga. Feb. 26, 2016); *Hurt v. Zimmerman*, CV415-260, doc. 3 (S.D. Ga. Oct. 7, 2015); *Robbins v. Universal Music Grp.*, 2015 WL 171443 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Long*, 2014 WL 3888124 (S.D. Ga. Aug. 6, 2014).

this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of October, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA